IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PALINODE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1378-MN-SRF |
| | ) |
| PLAZA SERVICES, LLC and | ) |
| PROVANA, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this **18th** day of **January, 2022**, the court having considered defendant Provana, LLC's ("Provana") motion for a protective order to limit electronic mail discovery (D.I. 88), and the briefing associated therewith (D.I. 89; D.I. 90), IT IS HEREBY ORDERED that Provana's motion for a protective order is DENIED without prejudice for the following reasons:

1.   **Background.** Plaintiff Palinode, LLC ("Palinode") removed this action from state court to the Middle District of Tennessee on September 18, 2020. (D.I. 1) On June 15, July 7, and July 14, 2021, a Magistrate Judge in the Middle District of Tennessee held discovery dispute conferences relating to the issues currently pending before the court. (D.I. 80; D.I. 82; D.I. 86) In its July 15, 2021 Order, the court indicated that "Palinode and Provana disagree as to the scope of software development related discovery" and ordered counsel to "continue to confer regarding this disagreement, including as to particular search terms or custodians that may further specify the scope of production." (D.I. 86 at 1-2) Only if the parties were unable to reach agreement, the Order provided that Provana may "file an appropriate discovery motion by July 21, 2021." (*Id.* at 2)

2.	On July 21, 2021, Provana filed the instant motion for a protective order. (D.I. 88) It is undisputed that the parties did not meet and confer regarding Provana's motion or the proposed search terms attached thereto. (D.I. 89 at 1; D.I. 90 at 1)

3.	The case was subsequently transferred to the District of Delaware pursuant to a Memorandum Opinion and Order issued on September 28, 2021. (D.I. 99; D.I. 100) Provana's motion for a protective order remains pending and was referred to the undersigned judicial officer by the assigned District Judge. (D.I. 112)

4.	**Legal Standard.** Generally, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(c)(1), the court may limit the scope of discovery upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotations omitted). "Broad allegations of harm, unsubstantiated by specific examples . . . will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Courts have broad discretion in granting protective orders. *See Monolithic Power Sys., Inc. v. Intersil Corp.*, C.A. No. 16-1125-LPS, 2018 WL 6113465, at *1 (D. Del. Nov. 19, 2018).

5.	**Analysis.** Provana's motion for a protective order is denied for failure to show good cause. *See Glenmede*, 56 F.3d at 483 ("Broad allegations of harm, unsubstantiated by specific examples . . . will not suffice."). Provana alludes to the policy of Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," but it does not provide any details as to how the electronic mail discovery sought by Palinode would result in any such annoyance, oppression, undue burden and/or expense. (D.I. 88 at 1-2)

6.  Provana must also satisfy its obligations to meet and confer with Palinode about its proposed search terms before seeking relief from the court. After three rounds of discovery disputes on related issues, the Middle District of Tennessee expressly ordered Palinode and Provana to confer regarding their disagreement regarding the scope of software development related discovery. (D.I. 88 at 1-2) Yet Provana has taken the position that it was not necessary to meet and confer with counsel for Palinode before proposing its search terms to the court. (D.I. 90 at 1) This court's discovery dispute procedures are consistent with the July 15, 2021 Order from the Middle District of Tennessee in requiring the parties to meet and confer on the specifics of a dispute prior to raising the issue with the court.[1] The District of Delaware also provides guidance to counsel on matters relating to the discovery of electronically stored information in the form of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"). Consideration of the Default Standard should be incorporated into the parties' discussions during the meet and confer process.

7.  **Conclusion.** IT IS ORDERED that Plaintiff's request for a protective order is DENIED without prejudice. (D.I. 88) Prior to renewal of any further motion practice on this topic, the parties are directed to review the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), and comply with the undersigned judicial officer's discovery dispute procedures located at

---

[1] *See* https://www.ded.uscourts.gov/judge/magistrate-judge-sherry-r-fallon; Forms Tab; Discovery Matters – Procedures – Revised 07/12/2021 (instructing counsel "to first *verbally* discuss the issues/concerns before seeking the Court's intervention.").

https://www.ded.uscourts.gov/sites/ded/files/chambers/Discovery%20Matters%20-%20Procedures%20-%20Revised%207-12-21.pdf.

8. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

9. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge