IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PALINODE, LLC,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 21-1378-MN-SRF
                                        )
PLAZA SERVICES, LLC and                 )
PROVANA, LLC,                           )
                                        )
                Defendants.             )

## REPORT AND RECOMMENDATION

Presently before the court in this diversity action is the partial motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by defendant Provana, LLC ("Provana").[1]  (D.I. 195)  For the following reasons, I recommend that the court DENY Provana's motion for judgment on the pleadings.

## I.    BACKGROUND[2]

Plaintiff Palinode, LLC ("Plaintiff") is a leading provider of credit dispute resolution technology.  (D.I. 122 at ¶ 8)  Plaintiff developed proprietary credit dispute investigation software called "Sonnet," which it licenses to customers by entering into Software-as-a-Service ("SaaS") customer agreements.  (*Id.* at ¶¶ 16, 20)  These customer agreements require customers to prevent unauthorized access to Sonnet and protect confidential, proprietary information regarding Sonnet.  (*Id.* at ¶ 20)  Provana is a competing SaaS provider that offers services similar

---

[1] The briefing and associated filings relating to the motion for judgment on the pleadings are found at D.I. 196, D.I. 199, and D.I. 200.

[2] In accordance with the legal standard governing a Rule 12(c) motion for judgment on the pleadings, which requires the court to accept all factual allegations in the complaint as true, this summary of the facts is based on the allegations in Plaintiff's second amended complaint ("SAC").  (D.I. 122); *see EMSI Acquisition, Inc. v. RSUI Indem. Co.*, 306 F. Supp. 3d 647, 652 (D. Del. 2018).

to Plaintiff's Sonnet software, such as its Integrated Performance Audit and Compliance Software ("IPACS") and ComplyARM software. (*Id.* at ¶ 12)

Plaintiff filed a second amended complaint ("SAC") on November 4, 2021, alleging five causes of action against Provana and defendant Plaza Services, LLC ("Plaza"). At issue in the pending motion for judgment on the pleadings is Count III of the SAC against Provana for procurement and/or inducement of breach of contract under Tenn. Code Ann. § 47-50-109 and at common law. (D.I. 122 at ¶¶ 87-98; D.I. 196 at 4) Relevant to this cause of action are Plaintiff's allegations that Provana induced Plaza to breach its SaaS agreement with Plaintiff by giving Provana unauthorized access to Plaintiff's Sonnet software. (*Id.* at ¶¶ 2, 32) This breach purportedly enabled Provana to use Plaintiff's trade secret information to improve its own competing IPACS software product. (*Id.* at ¶¶ 4, 32-41)

Provana moved to dismiss the SAC on November 30, 2021. (D.I. 139) In pertinent part, Provana argued for dismissal of Counts II and III of the SAC based on its position that those counts are preempted by Plaintiff's trade secret misappropriation claims under the Tennessee Uniform Trade Secrets Act ("TUTSA") and the Delaware Uniform Trade Secrets Act ("DUTSA"). (D.I. 140 at 3) The undersigned judicial officer issued a Report and Recommendation on January 18, 2022, recommending that the court grant the motion to dismiss Count II of the SAC and deny the motion to dismiss in all other respects. (D.I. 150) The Report and Recommendation was adopted in its entirety on February 14, 2022. (D.I. 160) Two weeks later, the parties submitted a stipulation agreeing that Tennessee law governs Plaintiff's cause of action for procurement and/or inducement of breach of contract. (D.I. 162) The deadline to amend pleadings expired on June 3, 2022. (D.I. 159 at ¶ 2)

2

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P.

12(c).  When considering a Rule 12(c) motion for judgment on the pleadings, the motion is

analyzed under the same standards that apply to a Rule 12(b)(6) motion and the court must "view

the facts presented in the pleadings and the inferences to be drawn therefrom in the light most

favorable to the nomoving party." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)

(quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).

"The purpose of judgment on the pleadings is to dispose of claims where the material

facts are undisputed and judgment can be entered on the competing pleadings and exhibits

thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541

F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1426 (3d Cir. 1997).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *Burlington Coat*

*Factory*, 114 F.3d at 1420.  Ultimately, a motion for judgment on the pleadings can be granted

"only if no relief could be granted under any set of facts that could be proved." *Turbe v. Gov't of*

*Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

## III.    DISCUSSION

I recommend that the court deny Provana's motion for judgment on the pleadings as an

untimely motion for reconsideration of issues previously waived or raised and decided in

connection with Provana's Rule 12(b)(6) motion to dismiss. *See Bone v. Univ. of N. Carolina*

*Health Care Sys.*, 2021 WL 395547, at *6 (M.D.N.C. Feb. 4, 2021) (concluding that a Rule 12(c)

motion does not provide an opportunity to relitigate issues raised and decided on a motion to

dismiss), *report and recommendation adopted*, 2021 WL 3196437 (M.D.N.C. Mar. 31, 2021);

3

*River Cross Land Co., LLC v. Seminole Cty.*, 2019 WL 12518728, at *3 (M.D. Fla. Aug. 21, 2019) (same).  The crux of Provana's motion for judgment on the pleadings is that Count III of the SAC for procurement and/or inducement of breach of contract should be dismissed because it is preempted under the TUTSA.  (D.I. 196 at 4)  But Provana previously argued that Count III of the SAC should be dismissed on preemption grounds in its Rule 12(b)(6) motion to dismiss. (D.I. 140 at 7-10)

In the Report and Recommendation denying Provana's motion to dismiss Count III of the SAC, the court rejected Provana's preemption argument for inducement of breach of contract, noting that Provana "substantively discuss[ed] only Count II and case authorities involving claims for tortious interference with business relations in their briefing on preemption.  Indeed, Defendants do not identify the elements of a cause of action for inducement of breach of contract in their preemption analysis." (D.I. 150 at 15 n.8)  Provana's opening brief in support of its Rule 12(c) motion for judgment on the pleadings now presents more than six pages of argument to bolster its position that Count III of the SAC should be dismissed on preemption grounds under the TUTSA.  (D.I. 196 at 8-14)  Provana passed over the opportunity to present a preemption argument specific to Count III in its briefing on the motion to dismiss, and relief under Rule 12(c) is not available under these circumstances. *See River Cross Land Co.*, 2019 WL 12518728, at *4 ("Judicial economy would indeed be undermined by allowing parties to revisit the issues they explicitly raised or necessarily should have addressed in a previous Rule 12(b)(6) motion.").

Provana also raised its preemption argument regarding Count III in its limited objections to the Report and Recommendation on the motion to dismiss.  (D.I. 156)  In the objections, Provana changed its position regarding the substantive similarity of Delaware and Tennessee law

as it pertains to preemption of Count III of the SAC and argued that the court erred as a matter of law by applying Delaware case law to the inducement of breach of contract claim brought under Tennessee law. (*Id.* at 4)  The District Judge overruled Provana's objections and declined to consider Provana's new arguments that should have been addressed in the Rule 12(b)(6) motion to dismiss. (D.I. 160 at 3)  Substantive consideration of Provana's Rule 12(c) motion on this record would amount to a third bite at the apple, after the District Judge already rejected Provana's attempt at a second bite. *See In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3764903, at *1 (C.D. Cal. Feb. 21, 2012) (explaining that the various subsections of Rule 12 "do not provide an unfettered grant to seek reconsideration of arguments already raised and lost in a previous Rule 12(b)(6) motion.").

Provana maintains that its motion for judgment on the pleadings is not an improper motion for reconsideration of the motion to dismiss because two events occurred after the court issued its Report and Recommendation that change the landscape. (D.I. 196 at 9)  First, on February 28, 2022, the parties stipulated that Tennessee law applies to Count III of the SAC. (D.I. 162)  Second, the United States District Court for the Eastern District of Tennessee issued a decision three days after the Report and Recommendation in this case addressing a similar issue and determining that a claim for statutory procurement of breach of contract is preempted under the TUTSA. *See Windrock, Inc. v. Resonance Sys., Inc.*, 2022 WL 202891, at *6 (E.D. Tenn. Jan. 21, 2022).  Neither of these events alters the fact that Provana's Rule 12(c) motion for judgment on the pleadings is, at its core, a motion for reconsideration.

The parties' stipulation that Tennessee law applies to Count III of the SAC clarifies the record going forward as this case progresses to case dispositive motions. (D.I. 162); *see River Cross Land Co.*, 2019 WL 12518728, at *4 (explaining that the denial of the Rule 12(c) motion

as an improper motion for reconsideration did not preclude the defendant from seeking summary judgment on those same allegations). But it does not provide an opportunity for Provana to change tactics after grouping Counts II and III of the SAC under a single argument that addressed both Delaware and Tennessee law in its briefing on the motion to dismiss. (D.I. 140 at 7-11) The District Judge rejected Provana's attempt to shift its position in the objections to the Report and Recommendation, concluding that "those objections could have and should have been made in the motion addressed by the Magistrate Judge." (D.I. 160 at 3) The same reasoning applies to Provana's Rule 12(c) motion.

Moreover, the Eastern District of Tennessee's unpublished decision in *Windrock* is not binding and does not require the court to reconsider its prior decision. *See Windrock*, 2022 WL 202891. The *Windrock* decision issued on January 21, 2022, more than ten days before Provana filed its objections to the court's Report and Recommendation. Nonetheless, Provana did not cite the *Windrock* decision in its objections nor did it separately file a motion for reargument under D. Del. Local Rule 7.1.5 or a notice of subsequent authority under D. Del. Local Rule 7.1.2(b). (D.I. 156); D. Del. LR 7.1.2(b); 7.1.5. Instead, the case was brought to the court's attention for the first time in the pending Rule 12(c) motion for judgment on the pleadings, which was filed nearly six months after the *Windrock* decision issued. (D.I. 196 at 9)

Provana's suggestion that the *Windrock* case is a new development in Tennessee law also ignores the fact that the *Windrock* court's UTSA preemption analysis was based on a lengthy discussion of the court's much earlier decision in *Hauck Manufacturing v. Astec Industries, Inc.*, which similarly arose from a third party's inducement of a breach of contract. *See id.* at \*3-6; *Hauck*, 375 F. Supp. 2d 649 (E.D. Tenn. 2004). Provana cited the *Hauck* decision in the briefing on its Rule 12(b)(6) motion, but the citation was relegated to a footnote with a parenthetical that

failed to specify the case's application to Count III of the SAC.  (D.I. 140 at 8 n.3)  Although

Provana was aware of the *Hauck* case, it failed to preserve any argument regarding the case's

applicability to Count III of the SAC.  *See Northwestern Univ. v. Universal Robots A/S*, C.A. No.

21-149-MN et al., 2022 WL 903892, at \*6 n.26 (D. Del. Mar. 28, 2022) (citing cases explaining

that arguments raised in footnotes may not be considered or preserved).  Because a Rule 12(c)

motion "is not an opportunity . . . to reargue the same issue it has already lost or waived in a

prior order," I recommend that the court deny Provana's motion for judgment on the pleadings.

*River Cross Land Co.*, 2019 WL 12518728, at \*3.

IV.    **CONCLUSION**

For the foregoing reasons, I recommend that the court DENY Provana's partial motion

for judgment on the pleadings.  (D.I. 195)

This Report and Recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b)(2).  The objections and responses to the objections are limited to ten (10)

pages each. The failure of a party to object to legal conclusions may result in the loss of the right

to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1

(3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: January 9, 2023

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE